**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-5176**

_____

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

    v.

STEVEN ANTHONY TURRENTINE,

         Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:09-cr-00076-GBL-1)

_____

Submitted: October 20, 2010       Decided: November 3, 2010

_____

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Robert L. Jenkins, Jr., BYNUM & JENKINS, PLLC, Alexandria, Virginia, for Appellant. Neil H. MacBride, United States Attorney, G. Zachary Terwilliger, Jonathan L. Fahey, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Turrentine challenges his conviction for using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2006). Turrentine contests the trial court's denial of his Federal Rule of Criminal Procedure 29 motion for acquittal based on the sufficiency of the evidence. For the following reasons, we affirm.

This court reviews de novo the denial of a Rule 29 motion for judgment of acquittal. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). When a Rule 29 motion was based on a claim of insufficient evidence, the jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009). This court "ha[s] defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" Alerre, 430 F.3d at 693 (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996)).

When reviewing the sufficiency of the evidence, we "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established."

2

United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Finally, we may not weigh the evidence or review the credibility of the witnesses. United States v. Allen, 491 F.3d 178, 185 (4th Cir. 2007). If the evidence "supports different, reasonable interpretations, the jury decides which interpretation to believe." United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994). Thus, a defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).

To prove a violation of § 924(c)(1), the government must demonstrate either that the defendant "use[d] or carrie[d] a firearm" "during and in relation to any crime of violence," or that the defendant "possesse[d] a firearm" "in furtherance of any such crime." 18 U.S.C. § 924(c)(1)(A); United States v. Stephens, 482 F.3d 669, 673 (4th Cir. 2007). "A defendant may be convicted of a § 924(c) charge on the basis of a coconspirator's use of a gun if the use was in furtherance of the conspiracy and was reasonably foreseeable to the defendant." United States v. Wilson, 135 F.3d 291, 305 (4th Cir. 1998) (citing United States v. Chorman, 910 F.2d 102, 110-11 (4th Cir. 1990)).

We have reviewed the evidence in this case and conclude that the Government produced sufficient evidence to sustain the conviction. At trial, the Government presented

3

evidence from Turrentine's coconspirators, who were eyewitnesses to both the planning and the execution of the robbery. The witnesses' testimony established that not only was his coconspirator's use of a firearm during the course of the robbery reasonably foreseeable to Turrentine, it was specifically planned by the group.

Turrentine urges us to ignore the testimony supporting his conviction on the grounds that it was "self-serving" and motivated by the witnesses' hope for shorter sentences. Turrentine suggests this court should instead rely on the testimony of the only witness who denied that the robbery plan included the use of any weapons and denied seeing any firearms on the morning of the robbery.

Turrentine's argument ignores the standard of review we are bound to apply. This court does not "weigh the evidence or review the credibility of the witnesses" on appeal. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997) Rather, "[t]hose functions are reserved for the jury." Id. The jury in this case chose which set of competing testimony to believe, and we will not disturb that credibility determination on appeal. See Murphy, 35 F.3d at 148 ("The jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented.").

4

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>